**In re JUST FOR KIDS, INC., Debtor.**

**Bankruptcy No. 5–90–01373.**

United States Bankruptcy Court,
M.D. Pennsylvania.

May 29, 1992.

John H. Doran, Trustee, Wilkes–Barre, PA.

Jeffrey J. Tokach, Hazleton, PA, for debtor/plaintiff.

Lynne Beust, Reading, PA, for Meridian Bank, defendant.

## MEMORANDUM AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

John H. Doran, Esquire, the Trustee, has objected to the Proof of Claim of Meridian Bank ("Bank"). The matter was heard March 20, 1991 by my predecessor, the Honorable Thomas C. Gibbons, prior to his retirement. Both parties have consented in writing to my adjudication of this matter on the basis of the stenographic record and the exhibits.

The Debtor, Just for Kids, Inc., is a corporation having filed bankruptcy on December 7, 1990.

On or about July of 1988, Meridian Bank loaned Thomas J. Dibello the sum of Ten Thousand Dollars ($10,000.00). Mr. Dibello established a sole proprietorship under the name of Just Kids by T.J., a retail children's clothing store. The Bank was given a security interest encumbering all inventory and accounts in return for the loan of Ten Thousand Dollars ($10,000.00). That loan was increased to Fifteen Thousand Dollars ($15,000.00) on or about February 2, 1989.

On March 27, 1989, Thomas J. Dibello incorporated the Debtor, Just for Kids, Inc., which continued the business of Thomas J. Dibello trading as Just Kids by T.J. Assets of Just Kids by T.J. were transferred to Just for Kids, Inc.

As of March 9, 1989, the principal balance on the loan was Thirteen Thousand Five Hundred Dollars ($13,500.00).

The Debtor alleges that the inventory of the retail store turned over approximately three (3) times per year.

The Bank suggests that its security interest is good against the corporate inventory and accounts because:

a. the Bank received no notice of the incorporation,

b. the corporation was an "alter ego" for Thomas J. Dibello, and

c. the transfer of inventory to the corporation was a fraudulent conveyance.

The Bank relies on 13 Pa.C.S.A. Section 9402(a) and (g) as support for its proposition that, not being advised as to the Debtor's incorporation, they had no obligation to file a new U.C.C. notice in the corporate name.

The Uniform Commercial Code as adopted by the Commonwealth of Pennsylvania, 13 Pa.C.S.A. Section 9402 thereof, makes no such statement. 13 Pa.C.S.A. Section 9402(a) sets forth the general rule that a financing statement is required to give the "names of the *Debtor*". Of course, Debtor here is defined under 13 Pa.C.S.A. Section 9105 as one who owes payment on the secured obligation.

13 Pa.C.S.A. Section 9402(g) does not give any comfort to the Bank since it clearly indicates that the name of the Debtor on the U.C.C. notice is sufficient if it gives its individual, partnership or corporate name whether or not it adds other "trade names".

■ In order to show perfection against the corporate bankrupt Debtor, that corporate name must be on the U.C.C. filing. That corporate name is *not* a trade name of the individual owner of the stock thereof.

13 Pa.C.S.A. Section 9402(g) states:

Where the Debtor so changes his name or in the case of an organization its name, identity or corporate structure that a filed financing statement becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired by the Debtor more than four months after the change, unless a new appropriate financing statement is filed before the expiration of that time.

■ The Debtor on the U.C.C. filing, Thomas J. Dibello, did not change his name other than to his trade name, Just Kids by T.J. Additionally, since the original U.C.C. Debtor, Thomas J. Dibello, is not an "organization", that second portion of that sentence applicable in the case of a change in name, identity or corporate structure of the organization, is inapplicable. Nowhere in 13 Pa.C.S.A. Section 9402 does it address the potential inequities where a lender bank is not notified of a transfer of assets to a corporation created by the U.C.C. Debtor. Applicable here is the last sentence of 13 Pa.C.S.A. Section 9402(g) which specifies "a filed financing statement remains effective with respect to collateral transferred by the Debtor even though the secured party knows of or consents to the transfer". Clearly then, inventory and accounts transferred by Thomas J. Dibello to the corporation remain encumbered by the Bank, but that Bank's security interest certainly cannot attach to newly acquired corporate inventory or accounts.

Thomas J. Dibello's testimony that the assets of the retail store turned over three (3) times a year, (R. at 37), leads to the inescapable conclusion that none of the original inventory turned over from Thomas J. Dibello to the corporate Debtor in bankruptcy would exist at the time of the bankruptcy filing.

The Bank's suggestion that the corporation was an "alter ego" of Thomas J. Dibello is not supported by a sufficient record. In addition, this Court is not apt to modify provisions of the Uniform Commercial Code on such insubstantial facts. This matter was addressed by *In re Scott*, 113 B.R. 516 (Bkrtcy.W.D.Ark.1990), which concluded, "to require a searcher to determine to what extent a debtor entity is owned or controlled by owners of the transfer or debtor would render the filing system of Article 9 unreliable. The potential structural variations of the new debtor are infinite". *Id.* at 522. This Court agrees with *In re Scott.* Unless the circumstances are compelling, the corporate entity will not be disregarded.

■ Finally, the Bank argues that the conveyance of inventory to the corporation by Thomas J. Dibello was a fraudulent conveyance.

Assuming that the transfer of encumbered assets to the Debtor corporation by Thomas J. Dibello resulted in a corresponding "increase" in Debtor's stock value held by Thomas J. Dibello, the record does not establish a "fraudulent conveyance".

This Court concludes that the Bank is not a secured creditor of the Debtor. Nevertheless, the Bank is a creditor of the Debtor to the extent that the proceeds of the collateral originally transferred to the bankrupt Debtor, Just for Kids, Inc., have not been paid over to the bank. The claimant is granted thirty (30) days to file an amended, unsecured claim limited to the value of unpaid collateral transferred from Thomas J. Dibello to the Debtor corporation.